IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-00404-WDM-BNB

JAMES BOWERS,

Petitioner,

v.

RON LEYBA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO

Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the petitioner's **Status Report** [Doc. # 25, filed 9/14/05] (the "Motion") which I construe as a motion to stay this case. For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

## I.   BACKGROUND

Following a jury trial, the petitioner was sentenced on May 8, 2000, to the Colorado Department of Corrections for vehicular assault (DUI), vehicular assault (reckless), leaving the scene of an accident involving a serious injury, aggravated driving with a revoked license, two counts of third degree assault, two counts of leaving the scene of an accident, two counts of striking an unattended vehicle, and driving under the influence. *Answer to Application for Writ of Habeas Corpus* [Doc. #13] (the "Answer"), Appendix A, pp. 10-11; Appendix G, p. 1. The petitioner directly appealed his judgment of conviction. Id. at Appendix G. The Colorado Court of Appeals affirmed the conviction with the exception of one of the vehicular assaults, which the

court vacated because both vehicular assault convictions involved the same victim. Id. The Colorado Supreme Court denied certiorari on October 7, 2002. Id. at Appendix K.

On February 12, 2003, the petitioner filed a motion for sentence reconsideration pursuant to Rule 12(b) of the Colorado Criminal Rules of Procedure. Id. at Appendix A, p. 13. The district court denied the motion on March 10, 2003. Id. The petitioner did not appeal the district court's denial of his motion. Id.

On March 8, 2004, the petitioner filed his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. #3] (the "Application").

On April 5, 2004, the petitioner filed in the state court a motion for post-conviction relief under Rule 35(c) of the Colorado Rules of Criminal Procedure. Id. at Appendix B. The district court denied the Rule 35(c) motion on April 28, 2004. Id. at Appendix C. The petitioner appealed the denial of his Rule 35(c) motion on June 11, 2004. *Status Report* [Doc. #21, filed 4/21/05]. On June 22, 2006, the appellate court reversed the district court and remanded the matter for an evidentiary hearing. *Status Report* [Doc. #25, filed 7/27/06].

## II.  THE LAW

This Court may review the petitioner's application for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application cannot be granted unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1).

If a petitioner fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the

petitioner would be able to raise the unexhausted claims in the state court. Id. If the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The federal court may consider procedurally defaulted claims if the petitioner shows cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991).

### III.  ANALYSIS

The Application asserts five claims. The petitioner exhausted Claims One, Two, and Three in his direct appeal. *Answer*, p. 13 and Exhibits D, J. The petitioner has not exhausted Claims Four and Five.[1] *Application*, p. 5, 6(d); *Answer*, Exhibit D, J. He is currently presenting these claims to the state court in his Rule 35(c) postconviction motion. *Answer*, Exhibit B; *Status Report* [Doc. 25, filed 7/27/06]. He seeks a stay of this proceeding until he can exhaust the claims.

Generally, if a petitioner fails to exhaust available state remedies and he may still bring the unexhausted claims in state court, the federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). However, the court must take into consideration that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitation on the filing of

---

[1]Claim Four alleges ineffective assistance of trial counsel. Claim Five alleges that the state court of appeals relied on People v. Glover, 893 P.2d 1311 (Colo. 1995), to allow for increased punishment in violation of the petitioner's due process rights.

federal habeas petitions, 28 U.S.C. § 2244(d), and that the filing of a habeas petition in federal court does not toll the limitation period. Rhines v. Weber, 544 U.S. 269, 274-75 (2005). Therefore, I must determine whether dismissal of the Application will cause the petitioner to run afoul of the AEDPA's limitation period.

The limitation period generally runs from the date on which the state judgment becomes final after the direct appeal. Id. at 2244(d)(1)(A). "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." United States of America v. Hurst, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). A petition for a writ of certiorari must be filed in the United States Supreme Court within ninety days "after the entry of the order denying discretionary review." U. S. Sup. Ct. Rule 13.1.

In this case, the Colorado Supreme Court denied the petitioner's request for a writ of certiorari on October 7, 2002. *Answer*, Appendix K. The petitioner did not appeal to the United States Supreme Court. As a result, the statute of limitation started to run on January 5, 2003-- ninety days after the Colorado Supreme Court's denial of the petition. Hurst, 322 F.3d at 1259. Absent any tolling, the statute of limitation expired on January 5, 2004. See Hurst, 322 F.3d at 1261 (holding that the AEDPA statute of limitation is computed using the anniversary date of the relevant act).

The AEDPA allows tolling of the one-year limitation period as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The petitioner filed his rule 35(b) motion for reconsideration of his sentence on February 12, 2003.[2] *Answer*, Appendix A, p. 13. Thus, the statute of limitation ran for 38 days, from January 5, 2003, until February 12, 2003, when the petitioner filed this motion. The motion was denied by the district court on March 10, 2003. The petitioner did not appeal the denial to the state appellate court. However, "regardless of whether a petitioner actually appeals a denial of a postconviction application, the limitation period is tolled during the period in which the petitioner *could have* sought an appeal under state law." Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (emphasis in original). Under rule 4(b)(1) of the Colorado Appellate Rules, the petitioner had forty-five days, or until April 24, 2003, to appeal the district court's denial of his motion for reconsideration. Therefore, the statute was tolled during the pendency of this motion and did not begin to run again until his appeal time expired on April 24, 2003.

The statute of limitation ran another 312 days until the petitioner submitted his Application (received by the Court on March 1, 2004). As of March 1, 2004, when the Application was received, 350 days had run. Because the filing of a habeas petition in federal court does not toll the limitation period, the AEDPA's one year limitation period expired on March 17, 2000--sixteen days after the Application was received in this Court.

The petitioner did not file his Rule 35(c) motion for post-conviction relief until April 5, 2004, several weeks after the limitation period had expired. Consequently, the Rule 35(c) motion

---

[2] A properly filed Rule 35(b) motion constitutes a postconviction motion as contemplated by the AEDPA and tolls the statute of limitation. Robinson v. Golder, 443 F.3d 718, 721 (10th Cir. 2006).

did not operate to toll the limitation period. Fisher v. Gibson, 262 F.3d 1135, (10th Cir. 2001); Spriggs v. Addison, 2007 WL 316833 (10th Cir. Feb. 5, 2007).

Because the limitation period expired on March 17, 2004, dismissal of the Application for failure to exhaust all claims will cause the petitioner to run afoul of the one-year statute of limitation. Under these circumstances, the federal court must decide whether the habeas petition should be held in abeyance to allow the petitioner to exhaust Claims Four and Five in the state court.[3] Rhines, 544 U.S. at 274-278. The federal court's decision must "be compatible with the AEDPA's purposes." Id. at 276.

> One of the statute's purposes is to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." Woodford v. Garceau, 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003). See also Duncan, 533 U.S., at 179, 121 S.Ct. 2120. AEDPA's 1-year limitations period "quite plainly serves the well-recognized interest in the finality of state court judgments." Ibid. It "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." Ibid.
>
> Moreover, Congress enacted AEDPA against the backdrop of Lundy's total exhaustion requirement. The tolling provision in § 2244(d)(2) "balances the interests served by the exhaustion requirement and the limitation period," "by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." Duncan, *supra*, at 179, 121 S.Ct. 2120. AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). This scheme reinforces the importance of Lundy's "simple and clear

---

[3] I am aware that I may address the merits of unexhausted claims that are not procedurally defaulted "where . . . the interests of comity and federalism will be better served by addressing the merits forthwith." Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (internal quotations omitted). Based on the record before me, however, it is not possible to resolve on the merits the petitioner's claims.

6

>instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." 455 U.S., at 520, 102 S.Ct. 1198.
>
>Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. Duncan, *supra*, at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
>For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Id. at 276-77.

The petitioner does not offer any direct explanation for his failure to pursue Claims Four and Five in state court during the period from December 7, 2002--the date the Colorado Supreme Court denied his petition for a writ of certiorari--until March 17, 2004--the date the AEDPA one year limitation period expired.

The petitioner states that he is a "laymen to the law" and that he "would address the complexity involved with the tolling of the A.E.D.P.A." *Answer to State's Response*, ¶ 1 [Doc.

7

#28, filed 8/10/06]. The petitioner does not, however, address how the "complexity involved with the tolling of the A.E.D.P.A" prevented him from filing his 35(c) motion in the state court prior to the expiration of the limitation period. In addition, to the extent the petitioner is arguing that he did not exhaust Claims Four and Five because he did not understand the AEDPA and its tolling provisions, "ignorance of the law does not excuse the failure to comply with the statute." Takemire v. Novak, 57 Fed.Appx. 385, 387 (10th Cir. 2003) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998)). Moreover, in his initial filings in this action, the petitioner demonstrates a competent understanding of the AEDPA and its exhaustion requirement. *Motion to Hold Habeas Corpus Proceedings in Abeyance Pending Exhaustion of All Claims Presented* [Doc. #4, filed 3/8/04] (requesting that the Court hold his Application in abeyance due to the "strict time limitations period set forth in 28 U.S.C. § 2244(d)(2)"; the impending expiration of his limitation period; and his need to exhaust Claims Four and Five in state court prior to bringing them in this Court).[4]

The petitioner states that he "has attached copies of request [sic] to attorney's [sic] seeking professional help for review to remedy his new wrongful conviction."[5] *Answer to State's Response*, ¶ 2. He submits letters from two attorneys which were apparently sent in response to his requests for assistance. Id. To the extent the petitioner is arguing that he did not bring Claims Four and Five in state court because he required the assistance of counsel, this argument is belied

---

[4]The original motion for stay was denied because at the time it was filed, it appeared that the entire action was time-barred. *Order to Show Cause*, p. 3 [Doc. #5, filed 3/24/04].

[5]The plaintiff requests appointment of counsel to assist him with this action. *Motion*, ¶ 3. The plaintiff's request for counsel is addressed in a separate order.

by the fact that he ultimately did submit Claims Four and Five in to state court as a *pro se* litigant. *Answer*, Exhibit B.

The petitioner also states that he "has maintain [sic] good faith and was unable to contend his claim of ineffective assistance of trial counsel through direct appeal." Although a claim for ineffective assistance of trial counsel should ordinarily be asserted in a postconviction motion instead of on direct appeal, Ardolino v. People, 69 P.3d 73, 77 (Colo.2003); People v. Thomas, 867 P.2d 880, 886 (Colo.1994), this argument does not account for the petitioner's failure to assert his claim for ineffective assistance of counsel after completion of his direct appeal and prior to the expiration of the statute of limitation.

The petitioner asserts that his Application should be stayed because his claim for ineffective assistance of counsel has merit. *Answer to State's Response*, ¶ 4. Although the merits of a claim may be considered when determining the appropriateness of a stay, Rhines, 544 U.S. at 278, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Because the petitioner has not established good cause for his failure to exhaust, I do not consider the merits of his claims.

Finally, the petitioner requests that the Court review his original motion for a stay [Doc. #4], which was submitted with the Application. *Answer to State's Response*, ¶ 5. I have reviewed the original motion to stay, but it does not explain why the petitioner failed to file Claims Four and Five with the state court prior to the expiration of the limitation period.

The petitioner has not established good cause for his failure to exhaust Claims Four and Five prior to bringing them in this Court. Therefore, the petitioner is not entitled to a stay of his Application in order to exhaust the claims.

"[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines, 544 U.S. at 278. Therefore, in order to avoid dismissal of the entire Application, the petitioner may withdraw Claims Four and Five and proceed with the remaining claims.

## IV.  CONCLUSION

I respectfully RECOMMEND that the petitioner's request for a stay of this action be DENIED.

I further RECOMMEND that the petitioner be permitted to withdraw his unexhausted claims within a date certain and proceed with his remaining claims, and that the petitioner be cautioned that failure to withdraw the unexhausted claims within a date certain will result in dismissal of the entire Application without prejudice for failure to exhaust Claims Four and Five.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A

party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 9, 2007.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge